[No. 3,979]

## FRANCISCO GALINDO v. L. C. WITTENMEYER, GEORGE A. SHERMAN AND A. R. GUPPEY.

STATUTE OF LIMITATIONS AS TO MEXICAN GRANTS.—A party deraigning title under a patent, issued in pursuance of the confirmation of a grant derived from the Mexican or Spanish government, has five years, after the patent issues, in which to commence an action against one holding adversely, to recover possession of the land, and the Statute of Limitations does not commence running in favor of one holding adversely until the patent issues.

APPEAL from the District Court, Fifteenth Judicial District, County of Contra Costa.

The defendant had judgment and the plaintiff appealed. The other facts are stated in the opinion.

*Miles & Jones,* for the Appellant.

*Eugene B. Drake,* also for the Appellant.

*Thomas A. Brown,* for the Respondents.

By the Court, RHODES, J.:

Action to recover a portion of the rancho Las Juntas, or Welch Rancho, in Contra Costa County. The survey of the rancho was finally confirmed September 15th, 1864, under the Act of Congress of June 15th, 1860; and the patent was issued July 22d, 1870. The plaintiff deraigns title under the patent. The defendant has held the adverse possession of the premises since December, 1854. The action was commenced July 3, 1873.

The Court instructed the jury to the effect that upon the

final confirmation of the survey, under the Act of June 14th, 1860, parties had their right of action to recover the possession, "with the same effect that they would have, if a final patent had issued;" that the Statute of Limitations requires parties holding title under such a finally confirmed survey to commence their actions within five years after the confirmation, against those who were then holding adversely; and that it being admitted that the defendants have held the land aversely for over five years before the commencement of the action, they are entitled to a verdict.

The case was tried prior to the decision of *Gardiner* v. *Miller*, (47 Cal. 570.) That case has repeatedly been affirmed in this Court. It was there held that a party deraigning title under a patent, issued in pursuance of the confirmation of a grant derived from the Mexican or Spanish Government, was entitled to rely on the patent of the United States, as operating to perfect the legal title of the grantee, theretofore inchoate in its character, and that the time which had run before the patent issued could not be computed against him as a portion of the time mentioned in the Statute of Limitations.

Judgment and order reversed, and cause remanded for a new trial. Remittitur forthwith.

Neither Mr. Justice NILES nor Mr. Justice McKINSTRY expressed an opinion.